UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CAPITAL ONE BANK (USA), N.A. _____ <br><br> CAPITAL ONE BANK (USA), N.A., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, SEATTLE, <br><br> Respondent, <br><br> PAIGE A. THOMPSON, AKA erratic; UNITED STATES OF AMERICA, <br><br> Real Parties in Interest. | No. 22-70057 <br><br> D.C. No. 2:19-cr-00159-RSL-1 Western District of Washington, Seattle <br><br> ORDER |

Before: TASHIMA, FRIEDLAND, and BADE, Circuit Judges.

This is a petition for a writ of mandamus filed pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.

In reviewing CVRA mandamus petitions, we are not required to balance the factors outlined in *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977). *See Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006). Rather, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *Id.*

On March 21, 2022, the district court granted defendant's motion to compel the production of Capital One Bank (USA), N.A.'s data in possession of the government pursuant to Federal Rule of Criminal Procedure 16. This petition challenges the district court's March 21, 2022 order.

The district court did not abuse its discretion or commit legal error in granting the motion to compel. The information sought by defendant meets the standard for government disclosure. *See* Fed. R. Crim. Proc. 16(a)(1)(E). Furthermore, in ordering production of the requested data, the district court appropriately addressed the victims' rights to protection, dignity and privacy by subjecting the data to existing protective orders filed in the case and imposing additional security safeguards on storing the copy of the data. *See* Fed. R. Crim. Proc. 16(d)(1).

Finding no abuse of discretion or legal error, the petition for a writ of mandamus pursuant to 18 U.S.C. § 3771 is denied.

**DENIED.**